**Lloyd D. SMITH, Petitioner,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE OF THE STATE OF COLORADO and M.C. Reki, Inc., Respondents.**

**No. 91CA0368.**

Colorado Court of Appeals,
Div. IV.

Aug. 15, 1991.

Norman Aaronson, Legal Aid and Defender Program, Boulder, for petitioner.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Jeanne Labuda, Asst. Atty. Gen., Denver, for respondent Industrial Claim Appeals Office.

No appearance for respondent M.C. Reki, Inc.

Opinion by Judge HUME.

Lloyd D. Smith, claimant, seeks review of a final order of the Industrial Claim Appeals Panel which disqualified him from the receipt of unemployment benefits. We affirm.

Claimant, a production worker, failed to appear for work one day. The next day, he called his employer and reported that he was in county jail. Claimant stated that if employer would agree to participate, claimant could be granted work release status, thereby allowing him to continue working during his incarceration. Although employer had agreed to participate in the work release program on claimant's behalf on a prior incarceration, it declined to do so on this occasion. Instead, employer treat-ed claimant's absence as unexcused and terminated his employment.

After hearing, the hearing officer found that claimant's incarceration occurred because of claimant's failure to pay previous fines and tickets and other self-created legal problems. The hearing officer concluded that claimant was at fault for the separation and disqualified him pursuant to § 8–73–108(5)(e)(X), C.R.S. (1986 Repl.Vol. 3B) (incarceration after conviction of a violation of any law) from receiving benefits. The Panel affirmed the disqualification.

Claimant contends that the Panel erred in concluding that he was at fault for the separation. He argues that he was ready and willing to work through the work release program and that employer's refusal to participate in that program thus prevented his returning to work and caused his separation from employment. We disagree.

The crux of claimant's argument is that, even though his own actions caused his incarceration and resultant inability to work, employer was required to participate in the work release program to alleviate claimant's self-imposed disability or be held at fault for claimant's inability to work and ensuing separation from employment. We reject that argument.

We are unaware of any requirement that an employer participate in a work release program in order to allow employees to continue to work during periods of incarceration. Absent such a requirement, we perceive no basis to impute fault upon the employer for an employee's separation from work caused by his incarceration.

Defendant also argues that failure to impose such a requirement on employers will substantially weaken the work release program. We are unpersuaded by that argument.

First, we find nothing in the Colorado Employment Security Act, § 8–70–101, et seq., C.R.S. (1986 Repl.Vol. 3B) to indicate that it was intended to promote jail work release programs. Additionally, nothing in this ruling prohibits or restricts employers' participation in such programs if they de-

sire to do so. The ruling simply declines to construe the Employment Security Act in a manner that would coerce such employer participation.

The evidence and findings support the conclusion that claimant should be disqualified pursuant to § 8–73–108(5)(e)(X), and thus, it is binding on review.

Order affirmed.

METZGER and ROTHENBERG, JJ., concur.